Filed 7/21/14  P. v. Perez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP THOMAS PEREZ,<br><br>    Defendant and Appellant. | B247776<br><br>(Los Angeles County<br>Super. Ct. No. KA096913) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed as modified.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Phillip Thomas Perez contends the abstract of judgment in his current case incorrectly states that he was convicted by jury of "assault with a deadly weapon" in violation of Penal Code section 245, subdivision (a)(1). He contends the abstract should state that he was convicted by jury of "assault by means of force likely to produce great bodily injury" to the exclusion any language referring to "assault with a deadly weapon." We agree the abstract should be corrected, but not as Perez argues. We direct the trial court to issue a new abstract of judgment indicating that Perez was convicted by jury of "assault with a deadly weapon or by means of force likely to produce great bodily injury" in violation of Penal Code section 245, subdivision (a)(1). In all other respects the judgment is affirmed as modified.

## FACTS

On an August night in 2011, Bradley Hartley went to a local bar. At about closing time, Hartley left the bar. As Hartley was walking to his car, he saw Perez "elbow" the trunk lid of Hartley's car, causing a dent. Hartley stopped Perez and talked to him about denting Hartley's car and about fixing the dent. When Hartley asked Perez for his insurance information or for money to fix the dent, Perez punched Hartley in the face, knocking him to the ground. Perez then "kneed" and repeatedly kicked Hartley as he was lying on the ground. The assault ended when a car pulled up to the scene, and Perez got in the car and drove away. Hartley remembered seeing Perez cock his arm back; the next thing he remembered was waking up by the rear bumper of his car, bleeding. He did not know how long he had been unconscious. When he tried to sit up, a number of people told him to stay down until the paramedics arrived. Hartley was transported to a local hospital where he received 13 stitches between his eyes and seven stitches on the inside of his lip. A photograph of his injured face was introduced at trial.

2

In June 2012, the People filed an amended information charging Perez with a single count as follows: "assault with a deadly weapon in violation of Penal Code section 234, subdivision (a)(1), a felony . . . ."[1] The information identified the deadly weapon as follows: "fists and shod feed." Further, the information alleged that Perez had personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a). The information alleged that Perez had a prior assault conviction which qualified as a strike under sections 667, subdivisions (a) through (i), and 1170.12, subdivisions (a) through (d), and which also qualified as prior serious felony conviction under section 667, subdivision (a)(1).

The case was tried to a jury and the evidence at trial established the facts summarized above. The court met with the prosecutor and defense counsel to confer regarding instructions and the proposed verdict forms. The lawyers approved the verdict forms. The court then recessed the proceedings until the next day.

At the beginning of the proceedings before the jurors retook their seats for instructions and arguments, the prosecutor made an oral motion to amend the information by interlineations, to conform to proof, to address an issue "should the jury not find that shod feet are a weapon." The prosecutor moved to add language from section 245, subdivision (a)(1), as the subdivision read on the date that Perez allegedly committed his assault offense. We will discuss the language of the statute in more detail below in addressing Perez's assignment of error on appeal. The trial court granted the motion over the objection of Perez's defense counsel. Specifically, the court allowed the prosecution to add the following language — "or with force likely to produce great bodily injury" — to the information immediately after the allegation that Perez had committed an assault with a deadly weapon.

---

[1] All further section references are to the Penal Code. For clarity, we have edited the information with respect to capitalization, abbreviations, and punctuation.

3

The trial court then instructed the jury on the two prosecution theories involved in the case under the amended information as further amended by the interlineations noted above. That is, the court instructed the jury that Perez was charged in count 1 with the offense of assault with a deadly weapon, and also instructed the jury that Perez was charged in count 1 with the offense of assault by means of force likely to produce great bodily injury. The prosecutor argued that the deadly weapon used by Perez was "shod feet," explaining that, while shoes are not ordinarily a deadly weapon, they were such in the incident outside the bar because of the manner in which Perez had used his shoes. The prosecutor alternatively argued that, if the jurors did not agree that Perez's shoes as used were a deadly weapon, there was "certainly an assault with the force likely to produce great bodily injury." Defense counsel argued that the evidence showed only a "simple assault."

A single guilty verdict form reading as follows was submitted to the jury:

"We, the jury in the above-entitled action, find the defendant, Phillip Thomas Perez, guilty of the crime of assault with a deadly weapon, to wit, fists and shod feet, *or with force likely to produce great bodily injury*, upon Bradley Hartley, in violation of . . . section 245(a)(1), a felony, as charged in count 1 of the information."

"We further find the allegation, that in the commission of the above offense, the said defendant personally inflicted great bodily injury upon Bradley Hartley, not an accomplice to the above offense, within the meaning of . . . section 12022.7, subdivision (a), to be:_____. Insert 'True' or 'Not True'." (Italics added.)[2]

On October 31, 2012, the jury returned a verdict finding Perez guilty as stated on the verdict form the jury had received. (See page 4, *ante*.) The jury found the allegation pursuant to section 12022.7, subdivision (a), to be true.

---

[2] A single not guilty verdict form with the joined deadly weapon and great bodily injury language was also submitted to the jury.

Perez thereafter admitted the alleged prior assault conviction, and the trial court sentenced him to state prison for a total aggregate term of 14 years as follows: a midterm of 3 years, doubled to 6 years for the prior strike (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)), plus 3 years for the jury's great bodily injury finding (§ 12022.7, subd. (a)), plus 5 years for a prior serious felony conviction (§ 667, subd. (a)(1)).

The abstract of judgment states that Perez was convicted by jury of "assault with a deadly weapon" in violation of section 245, subdivision (a)(1).

Perez filed a timely notice of appeal.

## DISCUSSION

### I.    The Language of the Abstract of Judgment

Perez contends the abstract of judgment incorrectly states that he was convicted of "assault with a deadly weapon." He argues the abstract of judgment should state that he was convicted of "assault by means of force likely to produce great bodily injury." We agree with Perez that the abstract of judgment should be corrected to include language concerning "assault by means of force likely to produce great bodily injury," but disagree that this language should be used the exclusion of language concerning "assault with a deadly weapon."

At the time Perez committed his assault offense, former section 245, subdivision (a)(1) read as follows:

> "Any person who commits an assault upon the person of another [i] with a deadly weapon or instrument other than a firearm *or* [ii] by means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year . . . ." (Italics added.)

In general terms, former section 245, subdivision (a)(1), provided that the crime of "aggravated assault" could be committed by two alternative processes or theories -- with a deadly weapon or instrument; *or* by means of force likely to produce great bodily injury. This dual, alternative theories aspect of the aggravated assault statute has been part of the Penal Code going back to the late 1800's. (See Code Amend. 1873-1874,

5

ch. 614, § 22, p. 428.)  In the early 1980's (see Stats. 1982, ch. 142, § 1.2, p. 469), the aggravated assault statute was amended to add a specific subdivision providing for the offense of assault with a firearm (see § 245, subd. (a)(2)), but it still retained the dual, alternative processes or theories for aggravated assault, i.e., assault deadly weapon or by means of force likely to produce great bodily injury (see former § 245, subd. (a)(1)).[3]

As sentencing law developed in more recent years, specifically with respect to additional or alternative punishment schemes based upon for prior "serious felony" convictions, the sentencing laws intertwined in an interesting fashion with the offense of aggravated assault under former section 245, subdivision (a)(1).  For example, section 1192.7, subdivision (c), defines what crimes constitute a "serious felony" for various sentencing schemes, including the Three Strikes law embodied in sections 667 and 1170.12.  Section 1192.7, subdivision (c)(31), identifies the offense of "assault with a deadly weapon, firearm, machine gun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245" to be a serious felony.  Section 1192.7, subdivision (c), does not otherwise specifically identify the offense of assault by means of force likely to produce great bodily injury to be a serious felony.

As we understand Perez's arguments in his current appeal, his concern is that if his assault conviction in his current case is identified as being a conviction for assault with a deadly weapon, then it could be used as a prior serious felony conviction as defined by section 1192.7, subdivision (c)(31), in a future criminal proceeding.  On the other hand, if his assault conviction in his current case is identified as being a conviction for assault by means of force likely to produce great bodily injury, then this not necessarily so because

---

[3]     Effective January 1, 2012, the aggravated assault statute was modified by dividing former section 245, subdivision (a)(1), into two subdivisions.  (Stats. 2011, ch. 183, § 1.)  Section 245, subdivision (a)(1), now provides for an aggravated assault in the form of an assault with a deadly weapon other than a firearm; and section 245, subdivision (a)(4), now provides for an aggravated assault in the form of an assault by means of force likely to produce great bodily injury.  The prescribed punishment under subdivision (a)(1) and (a)(4) is identical.  The change in the aggravated assault statute most likely will avoid any case in the future like Perez's current case.

6

it is not expressly identified as a qualifying crime in section 1192.7, subdivision (c). The problem for Perez is that removing the language referring to assault with a deadly weapon will not be of any beneficial consequence to him because the jury made a finding under section 12022.7, subdivision (a), that he personally inflicted great bodily injury in the commission of his assault offense. Accordingly, Perez's conviction for aggravated assault in violation of section 245, subdivision (a)(1), whether it is based on a theory of assault with a deadly weapon, or a theory of assault by means of force likely to produce great bodily injury, is defined as a serious felony in any event under section 1192.7, subdivision (c)(8). When a finding is made pursuant to section 12022.7, subdivision (a), that a defendant personally inflicted great bodily injury, the conviction to which the finding is attached is a serious felony conviction under section 1192.7, subdivision (c)(8) and qualifies as a strike.

All of this being said, we agree with Perez that the abstract of judgment should accurately reflect the jury's verdict in his case. As Perez's case was alleged, tried, argued and submitted to the jury, it cannot be said that the jury exclusively convicted him of the offense of assault with a deadly weapon. Both theories of the aggravated assault offense, were presented together to the jury in the jury verdict form, and the jury returned a guilty verdict without carving out one or the other theory. For this reason, we conclude that the abstract of judgment should include language indicating that Perez was convicted by jury of "assault by means of force likely to produce great bodily injury" in violation of section 245, subdivision (a)(1), which is what is encompassed in the jury's verdict.

## II. The Sufficiency of the Evidence Claim

Perez next contends the abstract of judgment should state *exclusively* that he was convicted by jury of assault by means of force likely to produce great bodily injury in violation of section 245, subdivision (a)(1). In other words, Perez contends that, when the abstract of judgment is corrected to add language stating that he was convicted of "assault by means of force likely to produce great bodily injury" in violation of section 245, subdivision (a)(1), it must further be corrected to delete any language indicating, as

7

it does now, that he was convicted of "assault with a deadly weapon" in violation of section 245, subdivision (a)(1). We disagree.

Perez's argues the evidence presented at trial was insufficient, as a matter of law, to support a jury verdict finding him guilty of an assault with a deadly weapon, meaning the verdict should be either judicially edited or interpreted or otherwise given effect so that it reflects only a conviction for assault by means of force likely to produce great bodily injury. Further, continues Perez, the abstract of judgment should state only that he was convicted of assault by means of force likely to produce great bodily injury.

Perez's argument relies on *People v. Aguilar* (1997) 16 Cal.4th 1023 (*Aguilar*). In *Aguilar*, the defendant and a cohort repeatedly kicked the victim like "a football" and hit him with their fists. (*Id*. at pp. 1027, 1035.) The case was tried against the assailants on both theories of the aggravated assault statute. (See former § 245, subd. (a)(1).) During argument, the prosecutor told the jury that hands, fists, and "feet" may be deadly weapons. The Supreme Court ruled that hands, fists and feet cannot be considered deadly weapons under the aggravated assault statute, and, thus, that the prosecutor had misstated the law to the jury. (*Aguilar, supra,* at pp. 1028-1034.)

In an effort to save the jury's verdict, the Attorney General argued to the Supreme Court on appeal that "shoes" may be considered a deadly weapon depending upon how the shoes were used. The *Aguilar* court agreed that "some footwear, such as hobnailed or steel-toed boots, is capable of being wielded in a way likely to produce death or serious injury, and as such may constitute weapons within the meaning of [former] section 245, subdivision (a)(1)." (*Aguilar, supra,* 16 Cal.4th at p. 1035.)

Relying on *Aguilar*'s language concerning hobnailed and steel-toed boots, Perez contends we must eliminate from the judgment any reference to assault with a deadly weapon because there was no evidence that he wore anything other than ordinary shoes when he attacked Hartley. We need not resolve this issue because, unlike in *Aguilar,* there is evidence that Perez had been trained in both jujitsu and muay thai, a Thai martial arts form that involves kicks. The prosecutor used this evidence to argue that Perez knew he could render someone defenseless and harm them with his shod feet.

Based on this, we believe the jury could have found that Perez's shod feet were a deadly weapon based on the manner in which they were used. As *Aguilar* explains, an object which is not deadly per se may be used in a manner likely to produce death, and, when it is so used, the trier of fact may consider the nature of the object, the manner in which it is used, and all other relevant facts to determine it was a deadly weapon in the assault at issue. (See *Aguilar, supra*, 16 Cal.4th at pp. 1028-1029.) The evidence in Perez's case showed that he used his martial arts training to kick a defenseless victim repeatedly as he was on the ground, unconscious. Perez used his shod feet to kick his victim into significant medical treatment. It is not unreasonable as a matter of law for the jury to have found that, had Perez not been prompted to stop his assault and leave in the car that drove up, he would have kicked his victim into a grave. On the facts in this case, the jury could have found that Perez used his shod feet as a deadly weapon.

## DISPOSITION

The trial court is directed to prepare a new abstract of judgment stating that Perez was convicted of "assault with a deadly weapon or by means of force likely to produce great bodily injury" in violation of section 245, subdivision (a)(1). This does not affect Perez's sentence. In all other respects, the judgment is affirmed as modified.


BIGELOW, P.J.

We concur:


RUBIN, J.


GRIMES, J.

9